**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JOYCE A. JAWORSKI, | ) | CASE NO. 1:10-cv-02936 |
| PLAINTIFF, | ) | |
| v. | ) | MAGISTRATE JUDGE GREG WHITE |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) | |
| DEFENDANT. | ) | **ORDER** |

On June 22, 2012, Plaintiff Joyce A. Jaworski ("Jaworski"), through counsel Kirk B. Roose ("Roose"), filed a Motion for Reconsideration of this Court's previous order granting in part and denying in part her motion for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF Nos. 25 & 26.) The Commissioner of Social Security ("Commissioner") filed a response to Jaworski's motion for reconsideration on June 29, 2012. (ECF No. 27.) On July 13, 2012, Jaworski filed a Motion for Leave To File Supplemental Authorities.[1] (ECF No. 28.) The parties consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c)(1). (ECF No. 15.) For the reasons set forth below, Jaworski's Motion for Reconsideration is GRANTED in part and DENIED in part.

**I. Procedural History**

After the parties filed their respective briefs, on January 26, 2012, this Court vacated the final decision of the Commissioner and ordered a remand for further proceedings. (ECF Nos. 20 & 21.) Jaworski filed a motion for attorney fees pursuant to the EAJA requesting fees in the

---

[1] Jaworski's Motion for Leave To File Supplemental Authorities is hereby GRANTED.

amount of $2,481.37 and $29 of expenses.[2] (ECF No. 22.) It was undisputed that Jaworski is an eligible and prevailing party, as the Commissioner did not argue that his litigation position was substantially justified. (ECF No. 23 at 2.) The Commissioner did argue that Jaworski failed to set forth sufficient evidence justifying a departure from the statutory cap of $125 per hour, because attorney Roose submitted nothing more than a reference to the Consumer Price Index ("CPI"). (ECF No. 23.) Based upon the Sixth Circuit's decision in *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443 (6th Cir. 2009), this Court agreed with the Commissioner and awarded attorney fees at $125 per hour. The Court, however, indicated that it would entertain a motion for reconsideration if it was accompanied by evidentiary materials in compliance with the *Bryant* decision. (ECF No. 25.)

## II. Law and Analysis

**A.     Evidence Supporting an Increase in the EAJA Fee Award**

When a prevailing party requests an EAJA award in excess of the $125.00 per hour statutory rate cap, it is the Plaintiff who bears the burden of producing appropriate evidence to support the requested increase. *Bryant*, 578 F.3d at 450 (finding that submission of only the Department of Labor's Consumer Price Index "is not enough.") Attorney Roose submitted the following evidentiary materials in the motion for reconsideration and motion for leave to file supplemental authorities supporting a departure from the statutory cap:

- From the National Law Journal and ALM Legal Intelligence, a report entitled "The Survey of Law Office Economics, 2011 Edition," indicating that the expenses in law firms in 1996 was $115,772 and increased to $169,228 by 2010 – a 46% increase. Comparatively, the CPI in the same span of years increased 41%. (ECF No. 26-1 at 10).

- From the Ohio State Bar Association, a report entitled "The Economics of Law Practice in Ohio, Desktop Reference for 2010," indicating that the average hourly billing rate of attorneys in the greater Cleveland area in 2010 was $239, while the median rate was $210. (Doc. No. 28-3, Exh. 23.) The report also indicates that in the field of administrative law, the average hourly billing rate in Ohio in 2010 was $203, while the median rate was $180. *Id.* at Exh. 24.

---

[2] This sum included $2,237.37 for 12.5 of attorney fees performed by Roose and attorney Mary Meadows at a rate of $180.59. *Id.* It also included $224.00 for 5.6 hours of work performed by Roose's assistant at a rate of $40 per hour. *Id.*

2

The Commissioner asserts that the evidentiary materials presented are insufficient because they refer to very broad categories of attorneys, and do not reflect rates requested by social security disability attorneys in the community. (ECF No. 27 at 2-3.) The Commissioner also asserts that a number of social security attorneys routinely request only the $125 rate when EAJA fees are sought. *Id*. at 3. The Court finds that Jaworski's additional evidence is sufficient to support a cost-of-living increase, as it demonstrates that: (1) increases in law firm expenses in the relevant time frame have outpaced cost-of-living increases, and (2) that the requested fee is less than or equal to both the average and median rates in Ohio with respect to administrative law practice. In *Zellner v. Astrue*, 2012 U.S. Dist. LEXIS 11560 at *9 (S.D. Ohio, Jan. 31, 2012), the Southern District Court of Ohio found that "[a tear sheet], source unknown," was adequate, albeit barely, which indicated that "an attorney who practices in downtown Cincinnati, apparently irrespective of the number of years in practice, the rate was $213.00." Nonetheless, the *Zellner* court indicated that:

> More helpful to the Court, and in the future what we will require to comport with *Bryant*, will be affidavits from other members of the local bar in which they testify as to their years of experience, skill, and reputation, and thus their consequent hourly rate. Most preferable would be the results of a fee survey conducted by a state or local bar association committee comprised of lawyers in the social security area of practice.

2012 U.S. Dist. LEXIS 11560 at *9-10.

This Court, while agreeing that the type of information indicated in *Zellner* would be preferable, declines to impose such a requirement, as no ruling of the Sixth Circuit requires the Court to accept only such specific evidence. In fact, it bears noting that the party who has the information to ascertain the average rate paid in EAJA fees in social security disability cases is the Commissioner. Furthermore, a number of other district court decisions have also approved rate request increases absent the kind of information sought by the *Zellner* decision. *See, e.g., Grady v. Astrue*, 2012 U.S. Dist. LEXIS 18423 at *9-10 (S.D. Ohio Feb. 14, 2012); *Rodriguez v. Astrue*, 3:11-cv-00398 (N.D. Ohio, Aug. 1, 2012) (noting that "the practices of administrative law, public benefits law, and worker's compensation law are similar to the practice of Social Security disability benefits law"). Therefore, the Court finds that Jaworski has sufficiently

demonstrated that an upward departure from the statutory cap is appropriate. However, as discussed immediately below, the calculation should be modified.

**B.**     **Use of National "U.S. City Average" CPI versus "Midwest" CPI**

Attorney Roose requests an hourly rate of $180.59 based on the "U.S. City Average" of the All Urban Consumers CPI ("CPI-U') for "All Items" (hereinafter U.S. City Average CPI).[3] The Court, however, must review Jaworski's application for attorney's fees to determine whether the requested fees are reasonable. *See* 28 U.S.C. § 2412(d)(1)(A), (B); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). Courts are obligated to prune unnecessary hours from fee petitions because, "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

This Court has previously held that the "Midwest Urban" CPI "is reasonable and perhaps most accurate as it represents the cost of living increase on a local basis." *Killings v. Comm'r of the SSA*, 2009 U.S. Dist. LEXIS 108524 (N.D. Ohio, Oct. 8, 2009). The Court believes this finding is consistent with the *Bryant* decision, which observed that requested fee rates should be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, 578 F.3d 443, 450 (6th Cir. 2009) (*quoting Blum v. Stenson*, 465 U.S. 886, 894 n. 11 (1984)); *see also Ralston v. Astrue*, 2011 U.S. Dist. LEXIS 153167 at **14-15 (E.D. Mich. Aug. 30, 2011) (finding that the relevant market for calculating attorneys fees for a court sitting in the eastern District of Michigan is the Detroit market and utilizing the U.S. Department of Labor's CPI-U for the Detroit-Ann Arbor-Flint area); *Rodriguez v. Astrue*, 3:11-cv-00398 (N.D. Ohio, July 16, 2012) (finding the Midwest CPI more appropriate than the U.S. City Average CPI).

---

[3] Roose utilizes March 1996 as the starting date in his calculation when Congress raised the EAJA cap to $125. The index for March of 1996 was 155.7. (Series Id: CUUR0000SA0.) Utilizing the same CPI, the annual index for all of 2011 when most of the services were performed was 224.939. *Id*. Thus, $180.59 hourly rate figure is an accurate calculation using the U.S. City Average CPI. The above CPI-U figures are from the web page of the Bureau of Labor Statistics and are not seasonally adjusted, http://data.bls.gov

Utilizing the "Midwest Urban" CPI for "All Items" for "All Urban Consumers," the index for March of 1996 was 151.7.[4] (Series Id: CUUR0200SA0, CUUS0200SA0.) The annual index for all of 2011 was 214.743. *Id*. Given these figures, the appropriate hourly rate, using $125 as a base, would be $176.95.[5]

**C. Hours Requested in the Original EAJA Application and the Reply**

In its original decision, this Court awarded Jaworski $2,125.00 for 17 hours of legal work at the $125 hourly rate, and $224.00 for the services of Roose's appellate assistant, and $29.00 for copying expenses – an aggregate sum of $2,378.00. Since the Court has determined the appropriate hourly rate for the 17 hours of legal work should have been $176.95, the Court hereby awards an additional sum of $883.15.[6]

**D. Supplemental Fee Request Associated with Motion for Reconsideration and Motion for Leave to Motion for Leave to File Supplemental Authorities**

Jaworski requests an additional award of $3,286.74 for 18.2 hours of legal work expended in association with the motion for reconsideration, as well as $600 for obtaining the report entitled "The Survey of Law Office Economics, 2011 Edition."[7] (ECF No. 26 at 10.) In addition, Jaworski requests one hour's worth of fees for preparation and filing of Plaintiff's Motion for Leave to File Supplemental Authorities and Supplemental EAJA Application. (ECF No. 28.) Because the supplemental authorities were essentially a verbatim transcript of materials filed in other cases, an additional award would be inappropriate.

Turning to the hours expended in association with the motion for reconsideration, the

---

[4] The above figures are also from the web page of the Bureau of Labor Statistics and are also not seasonally adjusted, http://data.bls.gov

[5] 151.7 is to 214.743, as $125 is to x, resulting in x equaling $176.95.

[6] Seventeen (17) hours of legal work at the rate of $176.95 would result in an award of $3008.15. Because Jaworski was awarded $2,125.00 in this Court's previous order, an award comprised of the difference of these sums – $883.15 – is appropriate.

[7] Later, Jaworski requests $629 for "other expenses," which appears to include the aforementioned report. The other $29 requested is not explained. As such, it is rejected.

Commissioner argues that the supplemental fee request is excessive. Furthermore, he claims that the time spent negotiating a settlement with attorney Roose – 4.25 hours – was fruitless because he refused to explain or proffer what evidence he would use to support an increase in the hourly rate and merely restated his position that the CPI data justified a higher EAJA rate.[8] (ECF No. 27 at 5.) Notably, Jaworski asserts that the Commissioner refused to budge off the $125 rate and gave no indication what evidence it would accept to justify a rate increase. (ECF No. 26 at 3.) The Court declines to speculate which party, if any, shoulders the blame for what both sides portrayed as a futile exercise. The failed negotiation is immaterial to the fees issue, as the Court is of the opinion that this expenditure of time would have been unnecessary had Jaworski, in her initial application, complied with her "burden of producing appropriate evidence to support the requested increase." *Bryant*, 578 F.3d at 443. It should be noted, however, that in the past, the Commissioner has agreed to award fees at the rate of $174 per hour. *See, e.g., Kane v. Comm'r of Soc. Sec.*, 1:10-cv-01874 ("The Commissioner believes that the award should be reduced to reflect the CPI-adjusted statutory rate of $169.46 per hour for work performed in 2010, and $174 per hour for work performed in the first half of 2011.")

While the Court, in the interest of fairness, permitted Jaworski to file a motion for reconsideration accompanied by supporting evidentiary materials to cure the deficiency in the original application, it did not invite additional briefing on the legal issues already decided. Nonetheless, the Court recognizes that, had counsel expended this same time and effort to research and compile the evidentiary materials in the original EAJA application, there would be no doubt that such time would be compensable. Therefore, the Court finds that 13.95 hours of additional legal work was reasonable and should be compensated at the hourly rate of $176.95

---

[8] The Commissioner's Amended Response (ECF No. 29) is identical to its previous response except that it omits the aforementioned description of negotiations. As the Court finds the characterization of the negotiations to be immaterial to the resolution of the motion for reconsideration – and because the Commissioner did not seek leave to file its Amended Response – the Court will not consider it. As such, the Court DENIES Jaworski's Motion for Leave to File Reply (ECF No. 30) to the Commissioner's Amended Response because it is unnecessary. The Court also denies Jaworski's request for additional fees associated with said motion.

for a sum of $2,468.45.[9] Finally, pursuant to 28 U.S.C. § 2412(d)(2)(A), "'fees and other expenses' includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case ..." The Court finds the "The Survey of Law Office Economics, 2011 Edition," though relevant to the issue of whether higher fees are reasonable, was not necessary to prove the merits of Jaworski's case. Absent any clear authority to the contrary, this Court is not convinced that the costs of such a study should be reimbursed under the EAJA.

## E. Payment

In the instant matter, Roose attached an agreement which shows that on September 10, 2007, Jaworski consented to have all EAJA fees paid to counsel. (ECF No. 22-7, Exh. G.) The Commissioner objected to making the fee award payable directly to Jaworski's counsel. (ECF No. 23 at 7.) Attorney Roose does not object to payment being made in the "usual fashion." (ECF No. 24 at 7.) The supplemental fee award called for herein, together with the fee award set forth in this Court's order issued June 8, 2012, shall fully and completely satisfy any and all claims for fees, costs, and/or expenses that may have been payable to Jaworski in this matter pursuant to the EAJA. Any fees paid belong to Jaworski – not her attorney – and can be offset to satisfy preexisting debt that she may owe the United States in accordance with *Astrue v. Ratliff*, 130 S.Ct. 2521 (2010). If, after entry of this award, Defendant's counsel can verify that Jaworski does not owe pre-existing debt subject to offset, Defendant shall direct that the award be made payable to Jaworski's attorney pursuant to the EAJA assignment.

### III. Conclusion

Jaworski's Motion for Reconsideration (ECF No. 26) is GRANTED in part and DENIED in part. Jaworski is hereby awarded an additional sum of $883.15 for 17 hours of legal work

---

[9] Because of the repetitive nature of fee applications, the Court expects that the number of hours expended on such applications will be significantly less in the future. Without reference to applications before other Judges, attorney Roose has a substantially similar application pending before this Court in *Vasquez v. Comm'r of Soc. Sec.*, 3:11-cv-00177, wherein Roose requests 7.8 hours for compiling a motion for reconsideration that is not significantly different than the one filed herein.

requested in the original EAJA application and the reply. Also, the Court hereby awards $2,468.45 for 13.95 hours of attorney fees associated with the motion for reconsideration. All told, Jaworski is awarded an aggregate sum of $3,351.60. This award is supplemental and in addition to the award this Court made in its previous order of June 8, 2012. (ECF No. 25.)

  IT IS SO ORDERED.

              /s/ Greg White
              United States Magistrate Judge

Dated: August 16, 2012